## ZUCHOWSKI v. HINGLE et al. *
### No. 14400.

Court of Appeal of Louisiana. Orleans.

June 29, 1933.

Richard A. Dowling, of New Orleans, for appellants.

A. Griffen Levy, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a petitory action involving certain real estate in Plaquemines parish. Plaintiff sets up his title to the property as having been acquired by purchase from his father, Frank Zuchowski, December 12, 1916, by act before August G. Williams, notary public of the parish of Orleans, and registered in Plaquemines parish in Conveyance Book No. 51, folio 328, December 28, 1916.

It is alleged that Felix Hingle is in actual possession of the property under a pretended lease from Annie Dittler, a feme sole, and the Empire Realty Company, Inc., and that Mrs. Dittler and the Empire Realty Company pretend to have acquired the property by mesne conveyances from Paulene M. Schomberg, whose acquisition is claimed to have been by virtue of a pretended act of sale by John Zuchowski, plaintiff herein, by act before Geo. P. Eberle, notary public for the parish of Orleans, dated April 30, 1929, and registered in Plaquemines parish, Conveyance Book No. 67, folio 439, which act plaintiff denounces as a forgery.

Defendants admit that their title is predicated upon the acquisition of Paulene M. Schomberg which they allege to be bona fide in every respect. They attack the acquisition of plaintiff from his father, Frank Zuchowski, as having been made "for a fictitious consideration and for convenience only, because the said Frank Zuchowski on or before that time was having trouble with his wife in some divorce proceedings, and made this sale to petitioner, who is the son of Frank Zuchowski, for convenience and to prevent the wife of Frank Zuchowski from attaching it for any community property or separate property claims which she might have had."

On the trial of the case, plaintiff, through his counsel, offered in evidence the certified copy of the act of sale by Frank Zuchowski, and rested his case, whereupon counsel for defendants offered to prove by Jewell Sperling, president of the Empire Realty Company, and other witnesses, that the sale from Frank Zuchowski to John Zuchowski was a simulation and that John Zuchowski had authorized his father to execute the act of sale to Paulene M. Schomberg. Opposing counsel objected upon the ground that oral testimony was not admissible to prove agency to execute a contract for the sale of real estate or establish its simulation. The objection being sustained, defendants again sought to prove, this time by plaintiff himself, that the sale was simulated, and was again prevented from doing so upon objection of counsel. No other testimony was offered, and the court, after taking the matter under advisement, rendered a decision in plaintiff's favor recognizing him as the owner of the property and decreeing the act of sale under which defendants claim title to be a forgery.

The position of the defendants is inconsistent. They claim under a title which purports

to be an act of sale by John Zuchowski to Paulene M. Schomberg, which they attack as simulated, and, at the same time, contend that their author in title never owned the property. They also contend, and tried to prove by parol testimony, that John Zuchowski, who they say never owned the property, had given his father, Frank Zuchowski, an oral power of attorney authorizing him to sell his own property.

A defendant in a petitory action may not question the title of one under whom he claims to own the property. Watson v. Barber, 105 La. 456, 29 So. 949. Moreover, if Frank Zuchowski owned the property, John did not, and no power of attorney, oral or written, was necessary to enable Frank to sell it.

Furthermore, a sale of real estate by authentic act can only be impeached by the parties thereto by means of a counter letter, or by interrogatories on facts and articles, or where fraud and error is alleged and proved. Otis v. Texas Co., 153 La. 384, 96 So. 1; Harris v. Crichton, 158 La. 358, 104 So. 114; Font v. Gulf State Land and Improvement Co., 47 La. Ann. 272, 16 So. 828; Godwin v. Neustadtl, 42 La. Ann. 735, 7 So. 744; article 2236, R. C. C.

The judgment appealed from is affirmed.

Affirmed.