HARDY, Judge.
This is a petitory action in which plaintiff claims to be the owner of certain described property located in Richland Parish, Louisiana. Defendant filed a plea of prescription of two, five, ten and thirty years under Articles 3543, 3542, 3478 and 3499, respectively, of the LSA-Civil Code; an exception of no right of action, coupled with a plea of estoppel and laches, and then answered the merits of plaintiff’s suit. The various pleas and exceptions interposed by defendant, as above noted, were referred to the merits, and after trial on the merits there was judgment in favor of defendant sustaining the pleas of prescription of ten and thirty years, the exception of no right of action, the plea of estoppel and laches, and rejecting plaintiff’s demands. From this judgment plaintiff has appealed.
Most of the facts involved have been established without dispute, many of them by stipulation of counsel, and we recite those which are pertinent to a determination of the appeal.
In her petition plaintiff alleged herself to be the owner of certain property in Rich-land Parish, described as follows:
EVi of SEj4, Section 29; and Eastern Three-quarters of the N14 of SWJ4 of the SE14, Section 29, Township 16 North, Range 7 East, containing 95 acres, more or less.
During trial plaintiff dismissed her claims to the NE}4 of SEJ4 of Section 29, Township 16 North, Range 7 East, and this appeal therefore concerns only the remaining fifty-five acres out of the property above described.
This property was included in the sale of a larger tract, comprising some 200 acres, more or less, which was made by William T. Ivy to W. H. L. Lagrone by credit deed dated December 20, 1900. At the time of the acquisition of this property the vendee, W. H. L. Lagrone, was married to Ida Marie Freeman and there was one child of this union, plaintiff in this suit, Grace Lagrone, who was born in the year 1895. Plaintiff’s father, W.- H. L. Lagrone, died on July 25, 1901.
By sheriff’s deed dated February 11, 1911, under foreclosure proceedings, the same tract of land was conveyed to D. A. Lagrone, grandfather of this plaintiff, who subsequently sold the property, which plaintiff claims in this suit, under deed dated October 13, 1924, to Jesse M. and D. B. McKay in the proportion of an undivided one-half interest each. Jesse M. McKay, the defendant in this suit, later acquired the outstanding one-half interest and became the owner of the whole.
On August 13, 1923, plaintiff, Grace L. Middleton, authorized by her husband, J. H. Middleton, entered into an act of compromise with her grandfather, D. A! La-grone, under the terms of which the said parties recognized each other as the owners of an undivided one-half interest each in the property described therein, which was the identical property acquired by W. H. L. Lagrone from William T. Ivy and then by D. A. Lagrone, under the sheriff’s deed as above noted. Because we deem the recitals of the act of compromise to be of primary importance in the resolution of the issue tendered, we quote the agreement, in which D. A. Lagrone was desig *368 nated as grantor and Mrs. Grace Middleton as grantee, as follows:
“That whereas each claim to own that certain plantation situated in the Parish of Richland, La. described as; S1/2 of SEl/4 an(i NW}4 of SE14 and NE14 of SW14 and W2 of SW14 of SEj4 and of SE14 of SWJ4 of Sec 29 T 16 N R 7 E, containing 200 acres more or less and commonly-known as the Lagronne place, and comprising the same property acquired by W. H. L. Lagronne from W. T. Ivy, and subsequently acquired at Sheriff’s sale by the grantor, all under deeds of record in the Conveyance Records of said Parish and state, and which deeds by reference is adopted and made part of this act for greater certainty of description;
“And whereas after a full, fair and free discussion of the subject matter, each acting on the advice of counsel, they have concluded that their best interest will be subserved by compromising their respective claims to said plantation and the rents and revenues arising therefrom for the purpose of preventing litigation, and which each one of them prefers to hope of gaining balanced by the chance of losing.
“Now wherefore in consideration of the premises the grantor and grantee have agreed and do by this act agree to compromise and settle all of their differences in regard to the ownership of said plantation, and in regard to all rents and revenues arising therefrom as well as all expenses incurred in improving and clearing the lands, as follows:
“The grantor.and grantee each recognize the other as the legal and bona fide owner of an undivided 1/2 interest in said lands, together with all buildings and improvements thereon situated, and all appurtenances thereto belonging, including the revenues of the current year 1923, provided there shall be deducted from said revenues the taxes for the said year, and the costs of such improvements as has been placed on said plantation during said year, and the revenues shall be divided between grantor and grantee equally.
“It is further agreed and understood that this compromise settlement also includes all claims and counter claims which the grantor and grantee may have or claim to have against each other in connection with said plantation and operation of same since the purchase to January 1, 1923.
“The true, intent, and purpose being that this compromise settlement shall be a full and complete compromise settlement not only of the ownership of said plantation but also of all claims and counter claims which the grantor and grantee may have against each other or may think they have against each other, arising from the operation of said plantation and rents and revenues therefrom since it was acquired as aforesaid.”
On March 25, 1924, the same parties, D. A. Lagrone and Mrs. Grace Middleton, executed a formal notarial act of partition, and again we quote the material provisions of said act as follows:
“They declare they are now the joint owners of the Ni/á of SE14 and SEJ4 of SE14 and m/2 of SW1/4 of SE14 and NE14 of SWj4 and of SEJ4 of SW14 of Sec 29 T 16 N R 7 E situated in Richland Parish, La. containing 200 acres more or less, and comprising what is commonly known as the Lagronne Place, except and less that portion of said land embraced in the right-of-way of the Mo. Pac. Railroad and in the public road crossing the western portion of said tract of land and that they have partitioned *369 and do by this act partition said tract of land as follows:
“The said D. A. Lagronne shall have and receive as his half of said land the Ei/£ of SE}4 of Sec. 29, and eastern three-quarters of the Ni/á of SWJ4 of the SE14 Sec 29 T 16 N R 7 E, containing 95 acres more or less, together with all buildings and improvements situated thereon, and all appurtenances thereunto belonging, and accordingly the said Mrs. Grace Middleton has relinquished and set apart in partition unto the said D. A. Lagronne all of her right, title and interest in and to said described land.
“The said Mrs. Grace Middleton shall have and receive as her half of the said land the NWJ4 of SEJ4 and NE14 of SW14 of Sec 29 and W/2 of SEJ4 of SWJ4 and the western one-quarter of the Nj/á of SW|4 of SE14 of Sec 29 T 16 N R 7 E, except and less that portion of said land embraced in the Mo. Pac. Railroad and in the public road running thru the western portion thereof — together with all buildings and improvements situated thereon, and all appurtenances thereunto belonging, and accordingly the said D. A. Lagronne has relinquished and set apart in partition unto said Mrs. Grace Middleton all his right, title and interest in and to that portion of said tract of land last described — ■ containing 95 acres more or less.
“Parties hereto bind and obligate themselves to warrant this act of partition as between themselves and all persons whomsoever.”
By deed dated August 2, 1928, Mrs. Grace Middleton conveyed a small portion of the property, to which she had obtained ownership under the act of partition, to the Louisiana Highway Commission, and by deed of date August 26, 1929, Mrs. Grace Middleton sold the remainder of the said property, allotted to her in the act of partition, to Leo L. McConnell.
This suit was filed June 18, 1954. It should be noted that at the time of the execution of the agreement of compromise with D. A. Lagrone plaintiff was some 28 or 29 years of age.
Despite the numerous defenses which have been urged in the instant case, we have determined, after thorough consideration, that it is necessary to consider only the plea of estoppel, inasmuch as we are firmly convinced that the effect of this plea serves to conclusively dispose of the question of ownership of the property involved in this suit.
It would be difficult to imagine an agreement so complete in all essential details, so carefully drawn and so definite in its compliance not only with the requirements of law but with the protection of the interests of the parties thereto, as is the act of compromise which was executed between this plaintiff and her grandfather, D. A. Lagrone, on August 13, 1923. The written agreement executed by the parties before a notary and two competent witnesses carefully recites the opposing claims of the parties to the properties, the full discussion of their respective claims, the conclusion reached upon the advice of counsel as to the settlement of such opposed claims, and, as a consequence, formally establishes the agreement of the parties in recognition of their respective rights. The intent and effect of this agreement was later emphasized and reinforced by the action of the parties in effecting an equitable partition of their ownership.
Except in some instances where bad faith, fraud or coercion was alleged and proven, none of which elements appear in the instant case, it is almost inconceivable that the law would intend or permit either of these parties to nullify the effect of this solemn agreement against the will or to *370 the detriment of the other, or one holding under him in good faith.
The factual situation which is here presented is covered by a recognized principle of estoppel which was approved by our Supreme Court in Jackson v. United Gas Public Service Co., 196 La. 1, 198 So. 633, 640, which principle was quoted by the court as follows:
“ ‘If in making a contract or in a course of dealing the title of one party or the other to the property involved in the transaction is recognized, and the dealing proceeds upon that basis, both parties are ordinarily estopped to deny that title or to assert anything in derogation of it.’ ”
The above rule was quoted by the court from Corpus Juris and is to be found in 31 C.J.S. verbo Estoppel § 125, p. 393.
On this point the opinion in the Jackson case cited Robbins v. Martin, 18 La.App. 223, 138 So. 132, and Watson v. Succession of Barber, 105 La. 456, 29 So. 949. In the Watson case the parties had entered into a partition under the assumption that property was owned by them in certain proportions, and, subsequently, they attempted to deny ownership of the interests which they had recognized and acknowledged in the partition. The court applied the principle of estoppel as against this contention. In the instant case the act of partition serves only to support and reinforce the solemn and binding covenant of compromise and agreement which had been previously executed by the parties.
We think it is abundantly clear in the instant case that the plea of estoppel is sufficient to justify the rejection of plaintiff’s demands as against one who holds under conveyances from the other party to the agreement upon which the plea is based. For this reason, as we have above observed, we think it completely unnecessary to complicate this opinion by a consideration of the other specified pleas and defenses which were interposed on behalf of defendant.
For the reasons set forth the judgment appealed from is affirmed at appellant’s cost.