## No. 12,679.

### R. BELTRAN VS. E. D. LECHE.

A mortgagee takes out executory process. The mortgagor enjoins on the ground of outstanding title to part of the property in a third person. The third person appears ánd by authentic act disclaims title, and the act is duly recorded.

This act is held not to be a donation and not subject to the provisions of law relating to such dispositions, nor to the implied conditions the law attaches to the same.

It is what it purports to be, a disclaimer of apparent title, and estops the maker and those claiming under and through him.

The cause of complaint being removed the injunction falls.

APPEAL from the Twentieth Judicial District Court for the Parish of St. James. *Guion, J.*

*Robert G. Dugué* for Plaintiff, Appellee.

*Sims & Lambremont* for Defendant, Appellant.

Argued and submitted December 30, 1897.
Opinion handed down January 10, 1898.
Rehearing refused February 21, 1898.

The opinion of the court was delivered by

BLANCHARD, J. The plaintiff, R. Beltran, in January, 1894, by authentic act sold and conveyed to defendant, Leche, certain lands in the parish of St. James cultivated as a sugar plantation, and an additional tract of 251 22-100 acres of swamp land near the plantation. Following the description of the lands sold is the statement that it is the same property acquired by the vendor from David August and Paul Gauthreaux in February, 1892.

Fifteen thousand dollars is mentioned as the consideration of the sale, of which three thousand dollars was cash, and for the remainder, six notes were executed by the purchaser, each for two thousand dollars, the first maturing January 2, 1896, and one each subsequent January thereafter. A special mortgage and vendor's privilege was retained to secure payment of the notes.

The first two notes to mature were not paid, whereupon plaintiff

sued out executory process in foreclosure of the mortgage and privilege.

The sale of the property was enjoined by defendant on the ground of a deficiency in the quantity of land conveyed to him.

He claimed that the consideration of the sale had failed to the extent of the 251 22-100 acres of swamp land; and that plaintiff had no title thereto at the date of the transfer to him.. He asked a diminution of price and other appropriate relief.

The deficiency was represented to be due to the fact that William H. Aymar claimed to own and to be in possession of the swamp lands mentioned.

Defendant in the injunction proceedings (plaintiff in the original suit) met this by a general denial, and annexed to his answer an authentic act, executed by Aymar, in which he expressly disclaimed any right, title or interest in the lands which are described and referred to as the subject of the injunction suit herein. It is stated by Aymar that his object and purpose in executing the act is to remove any and all doubts as to the validity of the title to the lands conveyed by Beltran to Leche, and that he renounced in favor of Leche and Beltran, their heirs and assigns forever, whatever right, title or interest he then or theretofore had in the same.

It was shown that this act had been duly recorded in both the conveyance and mortgage records of the parish of St. James, and that no mortgages or other incumbrances affecting the land were of record in the parish in the name of Aymar, and that there were no outstanding antagonistic alienations of it, or any part of it, by him.

On this exhibit judgment was rendered dissolving the injunction and ordering the sheriff to proceed with the execution of the writ of seizure and sale, but condemning the defendant (Beltran) to pay the costs incurred since the filing of the petition for injunction.

Plaintiff in injunction appeals, and defendant, appellee, asks an amendment of the judgment, rejecting and dismissing outright the injunction proceedings.

It is claimed on behalf of the former that the documentary evidence offered by him on the trial shows a perfect outstanding title in Aymar to the two hundred and fifty-one and twenty-two-one hundredth acres of swamp land referred to, and because of this he is evicted therefrom and entitled to a diminution of price to the extent of the value thereof.

And it is urged that Aymar's disclaimer or renunciation of title is not a valid or legal alienation of property sufficient to protect plaintiff; that it is an attempted *gratuitous* disposition, not binding on the community of *acquets and gains* existing between Aymar and his wife; that it is liable to be attached by creditors and subject to the eventual reserved rights of his children *as forced heirs*.

It is further contended that the document is not a sale, because without consideration, and if not *a donation,* is nothing.

On behalf of defendant in injunction it is insisted that Aymar is bound by his act of disclaimer, and that he and his heirs are completely estopped thereby from ever hereafter asserting any interest in the lands.

We are of opinion that the provisions of law in regard to gratuitous dispositions of property, donations *inter vivos* and the like, are not to be applied to the facts of this case.

The tract of land in dispute appears to have been included in the description of lands conveyed to Beltran in 1892. He conveyed it, with other lands, to Leche. The latter, failing to pay the price, is proceeded against under the mortgage reserved. He resists the proceedings on the ground that Aymar has a title of record to part of the property. Aymar appears and disclaims title and the act of disclaimer is placed of record.

Thereafter the buyer can no longer claim to be " disquieted in his possession."

By procuring the act of disclaimer and renunciation " the seller has restored him to quiet possession, or caused the disturbance to cease," in the language of C. C. 2557. His complaint fell when Aymar repudiates the suggestion of the title in himself. Thereafter " a perfect outstanding title to a third person " (34 An. 1202) could not be shown to exist.

The act executed by Aymar was not a donation *inter vivos*, and, therefore, not subject to the provisions of law relating to such dispositions, nor to the implied conditions the law attaches to the same.

It is what it purports to be, a public declaration by the alleged owner that the property is not his; that he has no interest in or right to it. It is a disclaimer of apparent title, and estops him and those claiming under and through him.

Even if it were a donation, we think, under the facts govern-

ing the case at bar, the contingencies suggested by counsel for appellant, such as forced heirs of Aymar, accepting under benefit of inventory, bringing an action of reduction or to revendicate property in excess of the disposable portion, the possible claims of the community, the liability of attack by creditors, and the like, are too remote to justify interference with this creditor, who seeks to enforce his special mortgage and vendor's privilege on property the *possession* of which is in the defendant buyer under a title which he had deliberately *accepted*.

It is unlike an action to compel acceptance of title, as in Tessier vs. Roussel, 41 An. 474.

Here the buyer has not the same liberty to refuse payment of the price, or resist sale of the mortgaged property, as he might have to refuse title tendered him under an agreement to purchase.

It is not shown that Aymar is insolvent.   C. C. 1517.

There is here no "present state of admitted insolvency," as in the Tessier case, p. 478.

The only danger which the plaintiff in injunction professed to fear —outstanding title in Aymar—having been removed, he has no cause to complain of the judgment from which he has appealed.

Nor do we think defendant in injunction should complain of the judgment, which awards against him the costs incurred since the filing of the petition for injunction.

It was the injunction which brought about the disclaimer from Aymar, and thus removed the cause of plaintiff's complaint. It is just, therefore, that that portion of the costs of this litigation should be borne by defendant.

For the reasons assigned the judgment appealed from is affirmed.