189 So. 129

**BURNS v. RIVERO.**

No. 35169.

May 1, 1939.

John E. Fleury, of Gretna, for appellant.

Cyril F. Dumaine, of New Orleans, for appellee.

ODOM, Justice.

By notarial act dated August 9, 1934, Mrs. Hazel Burns, divorced wife of George Sidney Graham, purchased from Mrs. Dolores Marie Rivero, widow of Theodulc Fossier, certain real estate consisting of a lot of ground and the improvements thereon. The consideration was $7500, $4000 of which was paid in cash and the balance in the assumption of certain mortgages resting on the property.

Mrs. Burns, the purchaser, brought the present suit against Mrs. Fossier, her vendor, to set the sale aside on the alleged ground that, whereas she intended to purchase the entire interest in the property, she learned after the purchase that Mrs. Fossier owned only an undivided one-half interest therein, and that therefore she acquired only an undivided one-half interest. She alleged further that, since she acquired the property, she had spent something over $1200 on improvements. She prayed that the sale be set aside, and for judgment against Mrs. Fossier for the

amount of the purchase price, plus the amount she had spent for improvements.

In answer Mrs. Fossier admitted plaintiff's allegation relating to the act of sale, but averred that she had transferred to plaintiff perfect title to the entire interest in the property, and prayed for judgment rejecting plaintiff's demands at her costs.

There was judgment for defendant, rejecting plaintiff's demands and dismissing her suit. Plaintiff appealed.

The facts disclosed by the documents filed in evidence are that the defendant purchased the property involved from her son, Emile J. Fossier, by notarial act dated January 15, 1930, for $10,000 cash. The deed recited that the purchaser, Mrs. Fossier, then the wife of Theodule Fossier, purchased the property "with her separate and paraphernal funds, under her separate administration and control and for her own use and benefit."

A short time after she purchased the property, her husband, Theodule Fossier, died, leaving as his sole heirs three children, issue of their marriage. His succession was never opened because he left no property.

Plaintiff's contention that she acquired only an undivided one-half interest in the property is grounded upon the theory that the property when purchased by Mrs. Fossier fell into the community which existed between Mrs. Fossier, plaintiff's vendor, and Mrs. Fossier's husband, and that at his death his community interest therein was inherited by his three children, who did not join in the sale to plaintiff.

Mr. and Mrs. Fossier were living together as husband and wife at the time Mrs. Fossier bought the property from her son in 1930.

In January, 1934, which was some time after the death of her husband, Mrs. Fossier borrowed the sum of $3500 from Edward Lund and to secure the loan offered to mortgage the property. It seems that some question as to the validity of her title, especially with reference to a one-half interest therein, was raised at that time. To clear up the title and to make it certain that the heirs of Mrs. Fossier's deceased husband made no claim to any right or title to the property, they executed, signed, and recorded an instrument in which they declared that, whereas their mother did acquire by purchase the said property on January 15, 1930, by notarial act which recited that "she was purchasing said property with her separate and paraphernal funds under her separate administration and control and for her own use and benefit", and that, whereas, at the time of her acquisition of the property, "Mrs. Fossier's husband was alive and living with her, but since that date has departed this life", and that,

"Whereas, a question has arisen as to the status of the property of Mrs. Fossier, acquired as aforesaid;

"Now, Therefore, we, Emile Joseph Fossier, Theodule Paul Fossier and Mrs. Dolores Marie Fossier, wife of Francis Raymond Pfister, do hereby declare that our father, Theodule Fossier, was married but once and then to our mother named hereinabove; that we are the sole and

only surviving issue of the marriage between our said father and mother and our said father never adopted any person; that at our father's death, he left no debts and all of the expenses of his last illness were duly paid; that our father had retired some ten years before his death and our mother engaged in business on her own account; that the funds with which our mother purchased the property hereinabove described were acquired by her from the operation of her business and amounts contributed to her by us at various times and our father in no wise contributed to said funds;

"We recognize the above described property to be the separate and paraphernal property of our mother, the said Mrs. Dolores Marie Rivero, widow of Theodule Fossier, and hereby disclaim any interest whatsoever in and to the same."

The instrument was signed by each of the three heirs in the presence of witnesses. They then appeared before a notary and made oath that they were of age and that they signed and executed "the above and foregoing instrument as their free and voluntary act of deed".

This instrument was recorded in the conveyance records of the Parish of Orleans, where the property is situated, and was also recorded in the mortgage records of the parish.

What gives rise to plaintiff's contention that this property fell into the community which existed between Mrs. Fossier and her husband is the fact that at the time of the purchase Mrs. Fossier and her husband were living together as husband and wife,

and that the instrument signed by the heirs, referred to above, recites that:

"Our father had retired some ten years before his death and our mother engaged in business on her own account; that the funds with which our mother purchased the property hereinabove described were acquired by her from the operation of her business and amounts contributed to her by us at various times and our father in no wise contributed to said funds."

In Houghton v. Hall, 177 La. 237, 148 So. 37, it was held that a wife's earnings, while living apart from her husband, were her separate property even though there had been no separation from bed and board, but that a wife's earnings, while living with her husband under the community regime, were community property. Counsel for plaintiff argues that, in as much as the above quoted extract from the instrument signed by the heirs shows that Mrs. Fossier was living with her husband and that the consideration for the sale was paid with funds earned by her from a business conducted by her, it follows necessarily that the property purchased fell into the community.

The only issue involved in this case is whether the defendant conveyed to the plaintiff the entire interest in the property or only an undivided one-half interest. The only persons who could claim the one-half interest in dispute are the three children of Theodule Fossier, who are his sole heirs. It is not suggested that these heirs are now questioning plaintiff's title, but it seems to be feared that they or their heirs might successfully do so later.

The record shows that plaintiff purchased the property six months after these heirs executed and placed of record in the conveyance records of the parish the instrument above referred to, which shows definitely that these heirs were above the age of majority when the instrument was executed, that they were familiar with all the facts relating to the purchase of the property; that they knew that some question had arisen as to the status of the property. Their avowed purpose in executing the instrument and having it recorded was to make it certain that, in so far as they were concerned, they made no claim to any interest therein. They declared that their mother owned the entire interest in the property, and in addition they disclaimed any title thereto, in the following language:

"We recognize the above described property to be the separate and paraphernal property of our mother, the said Mrs. Dolores Marie Rivero, widow of Theodule Fossier, and hereby disclaim any interest whatsoever in and to the same."

The plaintiff acquired the property on the faith of the public records of the parish, on which she had a right to rely. By making the acknowledgment and disclaimer which they did, these heirs forever debarred themselves and their heirs from asserting that their mother did not convey to plaintiff a valid title to the entire interest in the property. Having disclaimed any interest therein, which disclaimer they voluntarily made and had recorded, neither they, nor their heirs, can ever be heard to dispute their solemn declaration. They are forever estopped. Not only have they estopped themselves by executing and recording this instrument, but one of the sons was present when his mother sold the property to plaintiff and signed the deed as a witness. Another son was present when his mother executed a mortgage on the property in favor of Edward Lund and signed the mortgage as a witness.

In Karcher v. Karcher, 138 La. 288, 70 So. 228, it was held that, "Where a party solemnly admits a fact by a deed under his hand and seal, he is estopped from not only disputing that deed itself, but every fact which it recites." Syllabus, Paragraph 1. In Folger v. Palmer, 35 La.Ann. 743, it was held that, "The judicial declaration by the president of a bank, that a certain note is the property of his bank, will estop the same party from subsequently claiming that he was then the owner of the same note." Syllabus, Paragraph 1. In Beltran v. Leche, 50 La.Ann. 385, 23 So. 203, it was held that, where a third person disclaimed title by authentic act and the act was duly recorded, such disclaimer was not a donation but "a disclaimer of apparent title,—and estops the maker and those claiming under and through him." Syllabus, Paragraph 1.

In Brian v. Bonvillain, 52 La.Ann. 1794, 28 So. 261, it was held that a person may be estopped by signing as a witness an act in which third parties contract with each other with reference to rights in which he may have an interest. See also Gayoso v. Delaroderie, 9 La.Ann. 278.

In the recent case of Mims et al. v. Sample et al., 191 La. 677, 186 So. 66, this court discussed at length the principle of

estoppel here involved and held that, where heirs executed and had placed of record an instrument setting forth the fractional interest which they owned in real estate, they could not later be heard to dispute the recitals of that interest where the property involved had passed into the hands of a third person.

For the reasons assigned, the judgment appealed from is affirmed.