19 So.2d 120

**GARY et al. v. BULLOCK et al.**

No. 36594.

May 22, 1944.

Rehearing Denied June 26, 1944.

Charles J. Rivet, of New Orleans, and O. J. Mestayer, of New Iberia, for plaintiffs and appellants.

McCoy & King, of Lake Charles, and Lawrence Simon, of New Iberia, for defendants and appellees.

HAMITER, Justice.

Plaintiffs, who are J. Sidney Gary, Adias J. Landry, Josephine Olivier Decuir, and David Baez, Jr., allege title and seek and pray to be recognized as owners of certain undivided interests, now claimed by defendants, in and to a tract of land, containing 42 acres more or less, that is located in Iberia Parish, Louisiana. The defendants are Mrs. Laura Jacobs Bullock, widow of F. N. Bullock, deceased, F. W. Bennett,

and Mrs. Rubylien B. Bennett, widow by divorce of F. W. Bennett.

Further, plaintiffs pray for judgment decreeing null, void and of no effect the hereinafter described act of recognition or quitclaim deed affecting the property that was executed by their authors in title, Clyde Delahoussaye and Albert Decuir, in favor of F. N. Bullock on August 12, 1930, and recorded in the conveyance records of the mentioned parish on August 19, 1930.

The suit was dismissed by the district court, following its sustaining of defendants' plea of estoppel, and plaintiffs are appealing.

The mentioned tract was acquired by one Hermine Olivier in 1883, and on it she lived and farmed, with her five children, until her death that occurred in 1893. These children continued to reside on the place for a number of years thereafter.

By an instrument of date January 11, 1928, and passed before F. E. Delahoussaye, Notary Public, some of the descendants of Hermine Olivier conveyed unto C. W. Wolke what was described as their undivided 26.22 acres interest in the property, it amounting to approximately an undivided ⅝ interest. Wolke, on March 25, 1929, transferred that interest (hereafter referred to as the Bullock interest) to F. N. Bullock; and Bullock assigned a portion of it to his business associate, F. W. Bennett.

Without any previous notice being given to Bullock or Bennett, there occurred on June 23, 1929, a tax sale, purporting to convey the entire 42 acre tract, that was

held under an assessment in the name of Hermine Olivier for the purpose of satisfying 1928 taxes. The deed evidencing this adjudication, recorded July 16, 1929, listed Clyde Delahoussaye as the purchaser, and recited a consideration of $57.40. Four days later such purchaser conveyed to Albert Decuir, for a cash payment of $38.26, an undivided ⅔ interest in whatever property he acquired at such sale.

It is through and from the said Clyde Delahoussaye and his tax sale acquisition, by reason of an act of conveyance obtained from him on October 20, 1936, that plaintiffs J. Sidney Gary and Adias J. Landry are asserting title to the disputed undivided interest that they seek to recover herein from defendants; while the remaining plaintiffs, Josephine Olivier Decuir and David Baez, Jr., are claiming title thereto as widow and heir, respectively, of the said Albert Decuir, deceased.

About eleven months after the occurrence of the aforementioned tax adjudication to Clyde Delahoussaye, specifically on May 21, 1930, one J. T. Lejeune wrote to Bullock and Bennett, both residents of Houston, Texas, informing them that he, while looking over the records at the court house, had discovered that the Hermine Olivier property in which Bullock had bought an interest had been sold for taxes in June, 1929; and he advised them that redemption from the sale had to be made before June of 1930. (At that time the period of redemption was one year from date of recordation of the tax deed; thus in the instant case it expired July 16, 1930.) They replied that there must be some mistake, for their

records revealed a payment of the 1928 taxes. But again Lejeune wrote, insisting that the taxes had not been paid and that redemption must be effected immediately.

Thereupon Bennett communicated by telephone with State Senator F. E. Delahoussaye of New Iberia, Louisiana, who was the notary on the deed from the Olivier descendants to Wolke and who had formerly represented Bullock and Bennett as lawyer, notary public and abstractor in some matters in Iberia Parish, for the purpose of making inquiry about the tax deed. Senator Delahoussaye informed Bennett that he had appeared at the tax sale and made the purchase for the account of his son, Clyde Delahoussaye, but that the property purchased did not include or affect the Bullock interest. Furthermore, he advised that a redemption, which Bennett had suggested, was unnecessary; and in this connection he promised to have his son execute an act of release or disclaimer or a quit-claim deed, so as to clear the title to the Bullock interest, if such an instrument would be prepared and forwarded to him.

Pursuant to this understanding, Bennett prepared the suggested instrument and mailed it with the following letter:

"Houston, Texas
"June 18, 1930

"Senator F. E. Delahoussaye
"c/o Senate
"Baton Rouge, Louisiana
"Dear Senator:

"In compliance with your wishes as expressed over the telephone of recent date, I am enclosing herewith an instrument to be executed by your son and another party releasing and relinquishing all rights that your son and the other party might have acquired in said tax sale effecting Mr. Bullock's undivided interest in his 44.6 acre tract in the Little Bayou field.

"I shall greatly appreciate your having your son and the other gentleman sign this instrument at your earliest convenience.

"Thanking you in anticipation for handling this matter for me, I am

"Yours very truly,
"Frank W. Bennett."
"FWB:BH"

A few days later Bullock telegraphed Lejeune that:

"Delahoussaye claims did not buy the interest we purchased from the H. Olivier heirs but the other unsold part Stop. He has agreed to give us quit claim deed showing that he did not purchase our interest Stop."

On August 14, 1930, Senator Delahoussaye wrote Bennett as follows:

"Mr. Frank W. Bennett
"Houston, Texas
"Dear Bennett:

"Enclosed please find act of release signed by Clyde Delahoussaye and Albert Decuir purchasers at tax sale in favor of Mr. Bullock. Kindly get Mr. Bullock to appear before a Notary and two witnesses and execute the acceptance of said release and mail this document back to me to have same recorded. The recording cost will be $1.75. If Mr. Bullock wants a copy, it will cost $1.50 more.

"With best wishes, I am

"Yours truly,
"(Signed) F. E. Delahoussaye
"F. E. Delahoussaye."

The act of release was accepted by Bullock and returned to Senator Delahoussaye, along with remittance for the mentioned costs, and it was duly recorded in the conveyance records of Iberia Parish on August 19, 1930. This instrument, which is notarial in form and is the one that plaintiffs seek to have decreed null and void, recites:

"Know All Men by These Presents:

"That Whereas, Clyde Delahoussaye, and Albert Decuir both residents of Iberia Parish, and State of Louisiana, did on or about June 23, 1929, purchase from the Sheriff of Iberia Parish, Louisiana, at a tax sale an undivided interest in the following described properties, to-wit:

"A certain tract of land containing forty four and 6/10 (44.6) acres of land and being bounded on the North by Dr. George J. Sabatier, Walter J. Burk, S. E. Sorrelle, and others; South by Bayou Teche; West by F. N. Bullock; and East by F. N. Bullock, being situated in Township Twelve (12) South, Range Seven (7) East, Iberia Parish, Louisiana.

"Whereas, the said interest that was purchased at said tax sale was an undivided interest owned by the heirs of Hermine Olivier and that said tax sale did not affect the other undivided interest in said property.

"Whereas, F. N. Bullock is now the legal and rightful owner of the other undivided interest in said property.

"Now, therefore, the said purchasers of the said land at the said tax sale having no

claims and no interest conveyed to them by said tax sale of the interest so owned by said F. N. Bullock, this act is executed by said purchasers for the purpose of releasing, relinquishing, quit-claiming, and waiving all or any interest that they might have acquired in saiv Bullock's interest by any error in said tax sale above referred to."

We notice, and counsel for plaintiffs have made reference to it in this court but not in the district court, that the property description contained in the act of release appears different from that found in the tax deed, and also from that in the conveyance act obtained by Wolke from the Hermine Olivier descendants on which defendants' title is based. In each the property is described by reference to lands then belonging to adjoining owners, a method that is amply sufficient in effecting conveyances. Bayard v. Baldwin Lumber Co., 157 La. 994, 103 So. 290. However, the record, especially the allegations of plaintiffs' petition and the testimony of an abstracter and a surveyor, conclusively shows that all of those instruments describe the same tract—that which is involved in this cause; the differences in description are caused merely by changes in ownership of the adjoining lands from time to time.

It is on the above-described quitclaim or release deed that defendants predicate primarily their plea of estoppel, the defense sustained by the district court in dismissing plaintiffs' suit.

In complaining of that ruling and judgment plaintiffs' counsel contend strongly

that Wolke's deed from the Hermine Olivier descendants was ineffective and conveyed nothing to him, or ultimately to these defendants, because all of those descendants were adulterous illegitimates, incapable of inheriting from their ascendant; and, that being true, the quitclaim deed, which is the basis for the plea of estoppel, could not have the effect of making a title where none existed.

It is not suggested or urged by defendants that the assailed quitclaim deed vested any title in them. But they do insist that the recognition of their ownership to the disputed interest by Clyde Delahoussaye and Albert Decuir, solemnly and expressly declared in that instrument, cannot now be contested or repudiated by those signers or denied by the plaintiffs who claim through them.

The general rule is that all parties to a deed, and those claiming through them, are bound by the recitals in it intended as admissions of fact and legitimately appertaining to its subject matter. 31 C.J.S., Estoppel, §§ 36 and 37.

Revised Civil Code, article 2236 states: "The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery."

In Beltran v. Leche, 50 La.Ann. 385, 23 So. 203, 204, it was appropriately observed: "* * * The act executed by Aymar was not a donation inter vivos, and therefore not subject to the provisions of law relating to such dispositions, nor to the implied conditions the law attaches to the same. It is what it purports to be,—a public declaration by the alleged owner that the property is not his; that he has no interest in or right to it. It is a disclaimer of apparent title, and estops him and those claiming under and through him."

The cases of Watson v. Succession of Barber, 105 La. 456, 29 So. 949, and Karcher v. Karcher, 138 La. 288, 70 So. 228, 229, are authority for the statement that: "Where the party solemnly admits a fact by a deed under his hand and seal, he is estopped not only from disputing the deed itself, but every fact which it recites."

In Burns v. Rivero, 192 La. 767, 189 So. 129, 131, the court cited with approval the above-mentioned Beltran and Karcher cases and commented: "* * * By making the acknowledgment and disclaimer which they did, these heirs forever debarred themselves and their heirs from asserting that their mother did not convey to plaintiff a valid title to the entire interest in the property. Having disclaimed any interest therein, which disclaimer they voluntarily made and had recorded, neither they, nor their heirs, can ever be heard to dispute their solemn declaration. They are forever estopped."

In Jackson v. United Gas Public Service Co. (on rehearing) 196 La. 1, 198 So. 633, 640, this court quoted with approval the following extracts from 21 C.J., pages 1237 and 1238:

" 'If in a particular transaction or course of dealing the authority, capacity, character, or status of one of the parties is recognized or asserted as one of the basic

facts on which the transaction proceeds, both parties are as a rule estopped to deny that the one occupied that position or sustained that character. * * *.

" 'If in making a contract or in a course of dealing the title of one party or the other to the property involved in the transaction is recognized, and the dealing proceeds upon that basis, both parties are ordinarily estopped to deny that title or to assert anything in derogation of it.' " See also, 31 C.J.S., Estoppel, §§ 123 and 125.

In view of the foregoing authorities and of the fact that the quitclaim deed in question was authenic in form and duly and timely recorded it is clear that these plaintiffs, who claim through the signers of the instrument, are forever estopped to dispute defendants' ownership, unless the evidence discloses fraud or forgery or lack of consideration in the confection of that deed.

The trial judge found, as shown by his written opinion, that Clyde Delahoussaye and Albert Decuir affixed their genuine signatures to the instrument, deliberately and solemnly, and without any fraud, misrepresentation or deceit being practiced by Bullock or his associates. Our finding of fact accords with that conclusion.

As to the matter of a consideration for the deed's execution, which plaintiffs' counsel assert was lacking, the record amply and fully shows that Bennett and Bullock would have redeemed the property from the tax sale within the redemptive period had it not been for the promise and agreement of Senator Delahoussaye to furnish the instrument recognizing the Bullock interest. But instead of resorting to the process of redemption, as was their privilege to do, they relied on such promise of the purchaser's undisputed agent, thus waiving a material right and remedy that they had for the protection of their title. If redemption had occurred, the tax sale would have been annulled, at least to the extent of the Bullock interest, and those claiming under it, including these plaintiffs, obviously would have no title whatsoever. Consequently, it can be said correctly that such reliance and waiver by Bullock and Bennett constituted sufficient consideration for the execution of the quitclaim deed.

Of further interest is the fact that after the signing and recording of the quitclaim deed, Clyde Delahoussaye and Albert Decuir, as well as some of these plaintiffs, were parties to numerous other instruments in which the Bullock interest was specifically acknowledged and recognized. This recognition, it would seem, serves to strengthen defendants' plea of estoppel.

In addition to estoppel, defendants pleaded, and they urge in this court, that the prescription of 30 years acquirenda causa has accrued, and further that the discussed tax sale was null and void because of a prior payment of taxes. A consideration of these defenses is unnecessary in view of the conclusion that we have reached and heretofore announced.

The judgment is correct and it is affirmed.

PONDER, J., takes no part.