66 So.2d 673 (1953)
ALEXANDER et al.
v.
COLSTON.
Supreme Court of Florida, Division B.
July 28, 1953.
George A. Speer, Jr., Sanford, for appellants.
Maguire, Voorhis & Wells, Orlando, for appellee.
*674 DREW, Justice.
On December 24, 1896, Roman W. Logan married Maggie Jones. Four children were the issue of said marriage, viz., Ruth, Julia, Clarence and Mae. Just before the birth of Mae (the youngest), Roman W. Logan deserted his family and never returned.
In 1911, after Roman W. Logan deserted Maggie Logan, she entered into a bigamous marriage with one Manuel Rhone, with whom she has since lived as husband and wife.
In 1939, Roman W. Logan entered into a ceremonial marriage with Callie M. Colston and they lived together as man and wife until the death of Roman W. Logan in 1948.
During the period of the marriage of Roman W. Logan and Callie M. Colston they acquired three tracts of land in Orange County, Florida, which we shall hereafter call Tracts 1, 2 and 3, and one tract of land in Duval County, Florida, which we shall hereinafter call Tract 4. Tracts 1, 2 and 3 were acquired in the names of "R.W. Logan and Callie Logan, his wife," while title to Tract 4 was acquired in the name of "R.W. Logan." In the meantime the children Clarence and Ruth had died leaving no issue. Such was the status of the property and the parties at the time of the death of Roman W. Logan in 1948.
Julia, one of the two surviving children, having learned of her father's death, was appointed administratrix of his estate. On June 15, 1951, Julia, individually and as administratrix, joined by the other surviving child Mae, and Maggie, the first and lawful wife of Roman W. Logan, filed their complaint in the lower court against the second wife, Callie, praying that the plaintiffs be declared to be the owners in fee of Tract 4 and the owners of an undivided one-half interest in Tracts 1, 2 and 3.
The proceedings in the lower court resulted in a decree holding that plaintiffs were the fee-simple owners of Tract 4 as the lawful heirs of Roman W. Logan and that Callie (the second wife) was the fee-simple owner of Tracts 1, 2 and 3. This appeal is from that decree.
Following the taking of testimony the defendant moved for leave to file an amendment to her defenses and such was allowed. Such amendment was entitled "Fourth Defense" and reads as follows:
"That at the time of the marriage of the defendant and the said Roman W. Logan on April 29, 1939, as evidenced by the certified copy of the marriage license attached to the defendant's original answer, and at the time of the acquisition by them of the properties described in the bill of complaint as Tracts 1, 2 and 3 (which properties were deeded to them in the names `R.W. Logan and Callie C. Logan, his wife', the defendant well and truly believed that she became and was the lawful wife of the said Roman W. Logan and as such, if she survived the said Roman W. Logan, would take the sole and complete title to said property by reason of such survivorship; that the said Roman W. Logan well knew or should have known that he was already legally married to the plaintiff, Maggie Rhone, formerly Maggie Logan; that notwithstanding such fact the said Roman W. Logan failed to disclose to and withheld from this defendant the fact of his previous marriage; that defendant lived with and cared for the said Roman W. Logan as his wife for a period of about nine years after their marriage aforesaid and in reliance upon the contract of marriage entered into between them as aforesaid; that the said Roman W. Logan led this defendant to enter into said marriage contract, to live with and care for him and to the taking of title of said property in their names as husband wife, believing that they were in fact and in law husband and wife; that having so entered into said marriage contract with this defendant and having failed to disclose to her that they were not in fact husband and wife at the time title to the property described above was deeded to them and thereafter during his lifetime the said Roman *675 W. Logan was at the time of said marriage, at the time of the purchase of said property described in the bill of complaint as Tracts 1, 2 and 3, and at all times during his lifetime estopped to deny the validity of his marriage to the defendant, and estopped to deny the right of this defendant to take title to said property by survivorship; that the plaintiffs herein, who claim only as the heirs at law of the said Roman W. Logan, can take no better title and are bound by the same equities with respect to said property as the said Roman W. Logan; that the plaintiffs are therefore estopped to deny title of defendant in and to the property described in the bill of complaint as Tracts 1, 2 and 3 by reason of her having survived the said Roman W. Logan."
The record here does not contain the evidence but the Master and Chancellor below found that the defendant had sustained the above "Fourth Defense," so the only question before us is whether it provides legal support for the decree complained of.
In the case of Kerivan v. Fogal, 156 Fla. 92, 22 So.2d 584, 586, we said, in speaking of a very similar situation:
"It is our view that equitable estoppel is properly available as a shield against the attack, and we hold the opinion too that in the circumstances of this record the appellants may not rely upon the deed to the extent of securing one half interest in the property and at the same time renounce the other half because the instrument was vitiated by fraud  a fraud which their ancestor, had he been diligent, could easily have discovered and averted. * * *"
This reasoning is much more applicable to the facts in this case than it was to the facts in the cited case. Here the wife is the innocent party. The husband  plaintiffs' ancestor  was the actual perpetrator of the fraud, having married Callie with the knowledge that he was not divorced from Maggie.
Moreover, Roman W. Logan would have been estopped during his lifetime from contending that the estate created was void because of the bigamous marriage. 31 C.J.S., Estoppel, §§ 123, 125; Gary v. Bullock, 206 La. 231, 19 So.2d 120. This being so, his heirs are bound by the estoppel. Kerivan v. Fogal, supra; McAdoo v. Moses, 101 Fla. 936, 132 So. 638; Thompson on Real Property, Vol. 5, page 429, Sec. 2629.
We conclude that the Chancellor below correctly decided the issues before him.
Affirmed.
ROBERTS, C.J., and THOMAS and HOBSON, JJ., concur.