87 So.2d 10

**Edmond L. HARANG**

v.

**Charles R. SMITH.**

No. 42371.

March 26, 1956.

D. L. Kirschenheuter, Jr., New Orleans, D. Elmore Becnel, Reserve, for defendant-appellant.

· James P. Vial, Hahnville, Chehardy & Werhan, John C. Werhan, New Orleans, for plaintiff-appellee.

PONDER, Justice.

The defendant is appealing from the judgment of the lower court annulling two acts of sale and ordering them cancelled from the Conveyance Records.

The plaintiff alleged in his petition and testified that the defendant obtained the acts of sale from him by fraud and misrepresentation; that the defendant, who was the foreman and supervisor of the plaintiff in the construction of a housing project in the Destrehan Heights Subdivision, was to receive in addition to his salary a bonus of approximately $50 per unit upon completion of construction of each house; that the plaintiff promised to deliver title to the lots described in the acts of sale upon completion of the subdivision but, because of defendant's inducement by threatening to leave his employ before the completion of the subdivision, the acts of sale were passed before the completion of the work and that no cash consideration was given at the time the acts of sale were passed.

The averments in the defendant's answer and his testimony is to the effect that he had earned the bonuses and that the acts of sale were given in payment of these bonuses because the plaintiff at that time was without sufficient funds to pay him.

It appears from the record, that the plaintiff owed the defendant bonuses on a number of houses which had been constructed but the amount was uncertain. The plaintiff did not offer any corroborating witnesses while, on the other hand, the defendant was partially corroborated by two witnesses.

If we were to accept the plaintiff's version of this case, it would not constitute fraud. Moreover, if it were considered in that light, the plaintiff has failed to sustain the burden by clear and convincing proof. McClatchey v. Guaranty Bank & Trust Company, 228 La. 1103, 85 So.2d 6, and the cases cited therein.

The rule that a consideration different from that stated in the contract can always be shown does not apply to authentic acts where the suit is between the contracting parties, their heirs, or assigns. In the absence of fraud the contracting parties cannot contradict the recitals of an authentic act by parol testimony. The only method by which either party to the contract can show that no consideration, or a different one than that specified was given, is by counter letter or by answer of the opposing party to interrogatories on facts

and articles. Tempelt v. Babbitt, 198 La. 810, 5 So.2d 13; Robinson v. Britton, 137 La. 863, 69 So. 282; Breaux v. Breaux, 218 La. 795, 51 So.2d 73.

For the reasons assigned, the judgment of the lower court is reversed and set aside and the plaintiff's demand is rejected at his cost.