PER CURIAM.
We adopt that portion of the opinion of the chancellor which is quoted below as the opinion of this court.
“THIS CAUSE came on to be heard on the Complaint of Plaintiff, LUCY DAVIS MASON, for Declaratory Relief, the Answer, Counterclaim and Cross-Claim of Defendant, SALLY MASON, the Answer to Counterclaim by Plaintiff, and the Answer of MARTIN W. GARY, Administrator Ad Litem of the Estate of WEARY M. MASON, deceased to Defendant’s Cross-Claim, and the amendment to Answer of Defendant, SALLY MASON, and the Court having heard the testimony of the Parties and considered the evidence, the Court finds as follows:
“1. That LUCY DAVIS MASON was married to the late WEARY M. MASON, on the 9th day of April, 1922, at Reddick, Florida; that a divorce suit was filed by WEARY M. MASON in the Circuit Court for Marion County, Florida, (Chancery No. 10936) against Plaintiff, but no Final Decree of Divorce was ever entered therein; that the marriage of Plaintiff to the said WEARY M. MASON was never dissolved by a Decree of Divorce prior to *621 the death of the said WEARY M. MASON on or about February 3, 1962.
“2. That Defendant SALLY MASON entered into a marriage with WEARY M. MASON during his lifetime on or about March 10, 1942, at Dade City, Florida in the innocent belief that the said MASON was a single man; that thereafter, said Defendant lived with the said MASON as his wife until his death on or about February 3, 1962.
“3. That Plaintiff knew of the marriage of the late WEARY M. MASON to Defendant SALLY MASON, and that they were living together as husband and wife in Miami, Florida; that, notwithstanding said knowledge, Plaintiff asserted no rights or claims under her marriage to the late WEARY M. MASON during his lifetime.
“4. That during the purported marriage of Defendant and the said MASON, the Defendant and the said MASON acquired the following properties in the names of the said MASON and Defendant as husband and wife, which were still so held at the time of the •death of said MASON * *
'k H5 j}»
“5. That the funds for the purchase and payment of said properties were ■contributed by the late WEARY M. MASON and Defendant, the Defendant having contributed substantial amounts from her own funds therefor, as well as having paid substantial sums from her own funds for improvements to the properties during the lifetime of the said MASON and since his •death.”
* * * * *
“[T]he late WEARY M. MASON led the Defendant, SALLY MASON, to enter into a marriage contract with him on March 10, 1942, to live with him and care for him, and to the taking •of title to the above-described properties in their names as husband and wife, believing that they were in fact and in law husband and wife, and the said WEARY M. MASON was at the time of said marriage, at the time of the purchase of the properties above-described and at all times during his lifetime estopped to deny the validity of his marriage to the Defendant, and estopped to deny the right of said Defendant to take title to said properties by survivorship, which such estoppel is binding upon the Plaintiff as the heir-at-law of the said WEARY M. MASON.
“[B]y reason of the aforesaid estop-pel, the titles to the above-described properties are declared vested in Defendant SALLY MASON * * * ”
See Alexander v. Colston, Fla.1953, 66 So.2d 673.
Affirmed.