EASTERN DIST.
*March*, 1832.

## PEW *vs.* LIVAUDAIS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

There is no validity in an auction sale of real property, unless the assent of the owner be given *in writing*, or otherwise admitted.

Parole testimony of an oral alteration in the written instructions, cannot be received.

PEW
*vs.*
LIVAUDAIS.

| 3 | 459 |
| d122 | 613 |

This was a suit to compel the defendant to pass the sale of two lots of ground, purchased by the plaintiff at public auction. The defendant pleaded the general issue, and under it showed that the auctioneer in making the sale, had deviated from his instructions, which were given in writing by the defendant. The court *a qua* was of opinion that any duration in the instructions was a matter between the auctioneer and defendant, with which the plaintiff had nothing to do. From a judgment in favor of the plaintiff, the defendant appealed.

*Mazureau*, for appellant.    *McCaleb*, for appellee.

*Martin, J.* delivered the opinion of the court.

The object of this suit is to compel the defendant to execute a conveyance to the plaintiff, for two lots of ground adjudicated to him by an auctioneer, whom she had employed to sell them.    On the plea of the general issue, there was judgment against her, and she appealed.

Her defence is, that the auctioneer sold the lots at a price below that which she had instructed him to insist on; and the plaintiff contends the instructions were altered before the sale, which was made according to the alteration.

It appears, the instructions were given *in writing*, but the auctioneer (whose deposition was taken, subject to all legal objections) deposed he had mislaid the writing, and could not find them, but they were orally changed, and the sale was made according to the oral alteration.    The agent of the defendant, by whose ministry the written instructions were given, and the oral alteration is said by the auctioneer to have been made, deposed he did not make the alleged oral alteration.

EASTERN DIST.
*March*, 1832.

PEW
*vs.*
LIVAUDAIS.

The defendant's counsel has urged the testimony of the auctioneer is illegal, because he has an interest in supporting the plaintiff's action, as in case of failure the latter will have a claim for damages against him, for having deceived him by selling him the lots at a less price than he was authorised to sell; and further, as he testifies to something beyond or against a written instrument, and that what was said after it was written and delivered.

There is no validity in an auction sale of real property, unless the assent of the owner be given *in writing* or otherwise admitted.

He has further contended, that the auctioneer *after having received in writing the conditions of the sale,* he should read them in a loud and audible voice, before he invites a bid. *Civil Code,* 2584.

It is true, the case does not perhaps *expressly* require that the auctioneer should *in every case* have the condition of the sale in writing; but only that *after* having received, he should proclaim them. We, therefore, refrain now to express an opinion on this matter in regard to sales of personal property; but we have no hesitation to say that as another part of the code, 2255-6, requires the assent of the parties to a sale of real estate to be *written,* unless the party, against whom the sale is sought to be enforced, admits it, we cannot recognise any validity in an auction sale of real property, the owner of which did not authorise or assent to *in writing,* and does not admit his assent otherwise. A contrary decision would deprive all the real property in this state from the protection which the code provides for it against perjury, forgetfulness or error.

Parole testimony of an oral alteration in the written instructions cannot be received.

Parole testimony of an *oral* alteration in the *written conditions* cannot be received, as it is evidence of something being agreed on beyond or against the contents of the writing.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that there be judgment for the defendant as in case of a non-suit, with costs in both courts.