O’NIELL, C. J.
 

 This suit was brought to cancel a tax sale of two lots in Cedar' Grove addition to the city of Shreveport. The sale was made for $13.05, being the delinquent taxes of the city amounting to $7.20, plus 35 cents interest and $5.50 costs. The plaintiff alleged that he had not received the required notice of delinquency, and that the sale was therefore null. He .alleged also that he had tendered and 'offered to pay to the defendant the sum of $30, being more than the amount of the taxes, interest, costs, and the additional 20 per cent, required for the redemption of property sold for taxes; and that, on the defendant’s refusal to accept the amount tendered, he, the plaintiff, deposited the $30 in the hands of the tax collector for the purpose of reimbursing the defendant. Plaintiff prayed therefore, first, that the tax sale should be canceled because of its being null, and, in the alternative, that the defendant should be ordered to accept so .much of the $30 as was necessary for a redemption of the property, and that therefore the sale ■should be canceled from the records.
 

 In his answer to the suit, the defendant denied that the plaintiff had failed to receive the notice of delinquency of the taxes, denied the allegation concerning the tender and deposit of $30, and set up a reconventional demand for confirmation of the tax sale un•der the provisions of Act No. 101 of 1898, p. 127.
 

 On the trial of the case, on the issues which we have stated, the defendant could not produce or find the receipt of the notice of delinquency, which notice had been sent to the plaintiff by registered mail; but, soon after the submission of the case, the defendant found the receipt signed by the plaintiff, and therefore moved to reopen the case for the introduction of the receipt in evidence. The case was reopened,-and, the receipt of the notice of delinquency being introduced in evidence, the case was again submitted for decision. Thereupon, the plaintiff asked to have the case reopened, in order that he might file an answer to the defendanfs reconventional demand. The 'defendant protested, on the ground that the law. or rules of practice did not allow an answer to a reconventional demand; but the court ordered the case reopened and allowed the plaintiff to file his so-called answer to the defendant’s reconventional demand. The case was again argued and submitted, and the court gave judgment in favor of the plaintiff, Green, on his alternative demand, allowing him to redeem the property by paying to the defendant, Thrash, the amount of the taxes, interest, costs, penalties, and the additional 20 per cent, required by law for redeeming property sold for delinquent taxes within a year from the date of registry of the tax deed. The defendant, Thrash, has appealed from the decision.
 

 Appellant complains of the ruling of the district judge allowing the plaintiff to file an answer to the defendant’s reconventional demand. The case of Suberville v. Adams, 46 La. Ann. 119, 14 So. 518, is cited as authority for the proposition that it is not permissible for the plaintiff in any case to file an answer to the defendant’s reconventional demand. That decision is authority only for the proposition that it is not necessary for the plaintiff
 
 *59
 
 in a suit to answer the defendant’s reconventional demand. Our opinion is that the district judge did not abuse his discretion in this instance in allowing the plaintiff to file an answer to the defendant’s reconventional demand. The purpose of the answer was merely to direct the court’s attention to the fact that the tax deed was not properly recorded until a date less than a year previous to the date of the tender which was made for the purpose of redeeming the property within the year. The answer to the reconventional demand did not change the issues at all, because the allegation of tender, with the alternative demand to be allowed to redeem the property, was made in the plaintiff’s original petition.
 

 Appellant’s contention concerning the merits of the case is that a year had elapsed from the date of the recording of the tax deed before the plaintiff offered to redeem the property by paying the taxes, interest, and costs, plus the required
 
 20
 
 per cent. The facts in that respect are that the tax deed was first recorded by the filling out of a printed form in which it appeared that the sale was made for delinquent taxes due to the parish of 'Caddo, and according to the assessment rolls of the parish; whereas the sale was made for delinquent taxes due to the city of Shreveport, and according to the assessment rolls of tiie city; and therefore the recorder, when he discovered the error, a year and ten months after the deed was recorded, corrected the inscription, and noted the date of the correction. If the year in which the tax debtor had the right to redeem the property should be reckoned from the .day on which the tax deed was erroneously recorded, the tender came too late; but, if the year should be reckoned from the day on which the record was corrected, the tender was made within the time allowed for redeeming the property. The district judge decided that the year should be reckoned from the day on which the record was corrected; and, considering the importance of the error and correction, we affirm the decision..
 

 The judgment is affirmed.