67 So.2d 177

## HALL v. WALKER et al.

No. 40871.

June 1, 1953.

Rehearing Denied July 3, 1953.

Henry A. Mentz, Jr., Hammond, for plaintiff-appellee.

Reid & Reid, Hammond, for defendants-appellants.

FOURNET, Chief Justice.

The plaintiff, Clifton R. Hall, having acquired by deed dated May 19, 1950, from the alleged heirs of Joseph Lane, the "West half (W/2) of the southwest Quarter (SW/4) of Section 30 Township 7 South Range 9 St. Helena Meridian," in Tangipahoa Parish, instituted this suit to be recognized as the owner thereof, and to recover from Dendinger, Inc., and Willie Walker, the value of the timber assertedly illegally removed from the property and the damages resulting therefrom, originally $2,150 but increased to $10,000 in a supplemental petition.

The defendants denied liability, contending the corporation is the legal owner of the property, having purchased it from Edward P. Kinchen on February 2, 1921, and having held it since that time in open, peaceful, and continuous possession, Willie Walker having cut the timber therefrom under agreement with the corporation. They called in warranty the heirs of Kinchen, who is now deceased.

The defendants are appealing from a judgment decreeing the plaintiff to be the owner of the property and awarding him $1,184, the stipulated value of the timber removed from the tract.

The record discloses the described property was patented by the State of Louisiana to *John* Lane on October 9, 1861, it having been a portion of swamp lands granted to the state under federal statutes. This patent, however, was never recorded in the public records of Tangipahoa Parish and there is nothing to show John Lane or his heirs ever alienated the property.

The plaintiff's title emanates from a deed of the sheriff of Tangipahoa Parish dated April 11, 1881, wherein he undertook to sell to *Joseph* Lane "80 acres of land in Section 30 T 7 SR 9 E in SW/4," under the authority of Act 107 of 1880, as property that had been forfeited to the state for delinquent taxes due by *W. A.* Lane. The defendant corporation claims title to "80 acres W/2 of SW/4 Sec. 30 T 7 SR 9 E" under a deed of the sheriff of Tangipahoa Parish dated July 10, 1915, to Edward P. Kinchen, defendant's ancestor in title, passed under the authority of Act 170 of 1898, as amended, LSA–R.S. 47:1901 et seq. for the unpaid taxes of 1911, 1912, 1913, and 1914, assessed in the name of "unknown owners," and asserts the validity of such sale is not open to attack after the periods of three and five years provided for in Articles 233 and 234 of the Constitution of 1913 and Section 11 of Article X of the Constitution of 1921, as amended.

Despite this constitutional peremption as to tax deeds, the plaintiff, relying on Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 225, challeges the defendant's title on the ground that these provisions are inapplicable were title to the property is in the state and it is subsequently erroneously assessed in the name of another or unknown owner, reliance being placed on the fact that on July 5, 1882, title to "80 acres bounded North by H. Lavigne, E. by Tangipahoa River, W & S by heirs of Bach," in Tangipahoa Parish was forfeited to the state for the unpaid taxes of 1880, 1881, and 1882, assessed in the name of *Joseph* Lane, and remained in the state until redeemed by the heirs of *Joseph* Lane on April 18, 1950, a month before they sold it to the plaintiff.

 It is the settled jurisprudence of this court that the title of the defendant in a petitory action is not put at issue until the plaintiff has proved an apparently valid title in himself. Cook v. Martin, 188 La. 1063, 178 So. 881; and Chachere v. Superior Oil Co., 192 La. 193, 187 So. 321, and the authorities therein cited. In this respect, the plaintiff has totally failed. Conceding, without deciding, that the description of the property in the sheriff's deed to *Joseph* Lane on April 11, 1881, was sufficient to transfer title to the tract in controversy, the deed, executed under the authority of Act 107 of 1880, fails to show affirmatively the property was ever actually forfeited to the state on any particular date for the non-payment of the taxes due for any particular year, and the plaintiff has introduced no independent proof to establish these facts. Consequently, under our settled jurisprudence, the deed

is a nullity. See, Waddill v. Walton, 42 La. Ann. 763, 7 So. 737; Surget v. Newman, 42 La.Ann. 777, 7 So. 731; Causey v. Opelousas-St. Landry Securities Co., 187 La. 659, 175 So. 448. It necessarily follows that the plaintiff acquired nothing under the deed from the purported heirs of Joseph Lane.

An effort was made to show that Joseph and John Lane were one and the same person, but the evidence is lacking in this respect.

For these reasons, the judgment of the lower court is annulled and set aside and it is now decreed that the plaintiff's suit be dismissed at his cost.

LE BLANC, J., absent.