HAMITER, Justice.
 

 By a notarial act of date May 11, 1950 plaintiff, George A. Smith, sold and conveyed to the defendant, Jean N. Bell, “A certain piece or parcel of land or plantation, together with the buildings and improvements thereon, and all "the rights, ways, privileges and appurtenances thereunto belonging or in anywise appertaining (except as hereinafter reserved), situated in the Fourth Ward of the Parish of West Feliciana, State of Louisiana, in Sections 72 and 75, Township One South, Range Two West, St. Helena Meridian, containing Eight Hundred and Sixty Nine, (869) acres, more or less, * *
 

 The instrument, following the tract’s description, recited that there was reserved to the vendor the gin house on the property conveyed and, further, that one-half of the.' oil, gas and other minerals in and under the; land was not included in the sale (apparent-, ly that interest was then outstanding). The" consideration for the transfer was $24,347
 
 <
 
 cash and the assumption by the vendee of' existing mortgage notes on which $9,153 remained unpaid.
 

 Approximately fourteen months later,1 specifically on July 9, 1951, the vendor in-' stituted this suit averring that he left cer-' tain described farm implements and equipment on the premises which, as understood1 by the parties, were not included in the sale; and that the vendee had converted them to
 
 *6
 
 the latter’s use. For the total value thereof, allegedly $1,140, he demanded judgment against the said Jean N. Bell.
 

 Answering, the defendant denied the alleged wrongful conversion. And in reconvention he asked damages against plaintiff in the amount of $1,941.52, claiming that they resulted from certain acts and actions of plaintiff.
 

 On the trial plaintiff offered parol and nonauthentic written evidence to show that by the deed of May 11, 1950 the parties did not intend a conveyance of the farm implements and equipment in question left on the plantation. To the offerings defendant objected on the ground that they tended to vary the recitals of the notarial act which is full proof of the agreement between the parties. Subject to the objection the trial judge admitted the extrinsic evidence; and thereafter, using such proof as a basis for his decision on the main demand, he rendered judgment in favor of plaintiff in the sum of $1,075. On the reconventional demand he awarded recovery to defendant of $119.52.
 

 Defendant appealed to the Court of Appeal, First Circuit, which rendered a judg-' ment reducing the award in favor of plaintiff to $677 (with one member dissenting the introduction of the mentioned extrinsic evidence was approved); and it increased the amount allowed on defendant’s reconventional demand to $.444.52. The costs were ordered divided equally between the litigants. See 62 So.2d 513.
 

 • Defendant applied for, and we issued, the writ of certiorari. Our principal reason for issuing the writ was to permit a review of the ruling of the Court of Appeal on the question of the admissibility of the extrinsic evidence offered in proof of the main demand. Plaintiff has made no complaint of the decision of that court, and he now asks merely that it be affirmed.
 

 Considered alone the notarial act of May 11, 1950 sufficiently evidenced a transfer to defendant of the contested farm implements and equipment, and this plaintiff seems to concede. Those articles, at the time, were located on the conveyed plantation for its service and improvement; their status was that of immovables by destination; and they were not excepted or reserved from the sale. As said in LSA-Civil Code, Article 468:
 

 “Things which the owner of a tract of land has placed upon it for its service and improvement are immovable by destination.
 

 “Thus the following things are immovable by destination when they have been placed by the owner for the service and improvement of a tract of land, to wit:
 

 ******
 

 “Implements of husbandry.
 

 ******
 

 "Mills, kettles, alembics, vats, and other machinery made use of in carrying on the plantation works.
 

 ■ “The utensils necessary for working cotton, and sawmills, taffia distilleries, sugar refineries.and other manufactures. .* *"
 
 *8
 
 Again, LSA-Civil Code, Article. 2461 states:
 

 “The sale of a thing includes that of its accessories, and of whatever has been destined for its constant use, unless there be a reservation to the contrary.”
 

 What plaintiff contends, to quote from the brief of his counsel, is:
 

 “We are not dealing with the interpretation of only one written instrument, nor does plaintiff rely entirely upon the act of sale to prove his case. Plaintiff is not attempting to set aside the act of sale, nor is he in any way attacking same. He is merely attempting to prove the ownership of the farm equipment, not by the act of sale, but by all the circumstances surrounding the sale arid the various other contracts.
 

 “When the contract involving the farm equipment dated August 24, 1950 [should be April 24, 1950], is considered along with the act of sale, they cannot be reasonably reconciled; they create uncertainty and ambiguity. Certainly evidence was admissible to explain the meaning of the two contracts, and that could not be considered a violation of the parol evidence rule.”
 

 And in support of the quoted contention certain decisions in our jurisprudence are cited and relied on which approve the introduction of extrinsic evidence (1) to identify or define property not specifically described in a notarial act and (2) to prove a contemporaneous collateral agreement to do something in addition to the obligation covered by a disputed writing.
 

 But these invoked and well recognized exceptions to the general parol evidence rule are not applicable here. The questioned evidence offered by plaintiff was not needed in clarification of the description of the property affected by the notarial act, for, as before shown, no ambiguity appeared; nor did it purport to show a contemporaneous collateral agreement about which the deed was silent.
 

 Clearly, the only purpose to be served by the offerings was a contradicting of the terms of such instrument, and this the law forbids under the circumstances existing here. “The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.” LSA-Civil Code, Article 2236. “Neither shall parol evidence be admitted, agairist or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.” LSA-Civil Code, Article 2276. “It is the well-settled and unbroken rule of law in this state that, in the absence ,of any allegation of fraud or error, conditions, and stipulations beyond those expressed in an authentic act, and what may have been said before, or at the time of, or since the execution thereof, can be proven only by means of a counter-letter or by the use of interrogatories . on facts and articles.” Franton v. Rusca, 187 La. 578; 175 So. 66, 68 and Lawrence v. Claiborne, 215 La. 785, 41 So.2d 680, and authorities cited in both cases.
 

 
 *10
 
 Allegations and proof of the kind last mentioned were not resorted to by this plaintiff and, hence, his demand cannot succeed.
 

 Respecting the items in defendant’s re-conventional demand that were disallowed by the Court of Appeal, we are satisfied, after a thorough study of the record, that they were not established by a preponderance of the evidence (as such court had so concluded and held).
 

 For the reasons assigned the judgment of the Court of Appeal is affirmed with respect to the reconventional demand of defendant, Jean N. Bell. Otherwise, it is reversed and set aside and judgment is now rendered rejecting the demands of plaintiff, George A. Smith, and condemning him to pay the costs of all courts.