**99 So.2d 56**

Charles J. TESSIER

v.

Anthony V. LA NASA.

No. 43042.

Jan. 6, 1958.

Rehearing Denied Feb. 10, 1958.

Michael M. Irwin, New Orleans, for plaintiff and appellant.

Simon & Wicker, New Orleans, for Anthony V. LaNasa, defendant-appellee.

PONDER, Justice.

Plaintiff sues for the recovery of a real estate commission in the sum of $10,500, which he claims is due under a contract for the purchase of property entered into between the defendant and Mr. H. M. Hogan. From a judgment rejecting his demands, the plaintiff has appealed.

Plaintiff's suit is based on a written contract for the purchase of real estate in the sum of $210,000 entered into between the defendant, Mr. Anthony V. LaNasa, and Mr. Hogan. The defense to the suit is that plaintiff's agent, Mr. Tinney, who negotiated the contract, represented and understood that the purchase of the property by defendant from Hogan was contingent upon Tinney obtaining a loan in the sum of $100,000 for the defendant LaNasa, and that, since Tinney was unsuccessful in obtaining the loan, no deposit was made and hence there was no valid and binding contract. Under this allegation, on trial of the case, defendant introduced parol evidence over objection of plaintiff, and, after hearing, the trial judge concluded that there was no meeting of the minds between the parties and hence rejected the demands of the plaintiff.

On this appeal it is urged by plaintiff-appellant that the contract between Hogan and defendant was a binding one, even though no deposit was made as called for in the contract; that a written offer to purchase was secured from the defendant by plaintiff's agent and accepted in writing by Mr. Hogan on December 21, 1953; that plaintiff has performed all of the duties required of real estate brokers, thus entitling plaintiff to be paid the full commission of 5% of the purchase price as provided for in the contract; and that parol evidence is inadmissible to vary, alter, or contradict the terms of the contract under Article 2276 of the LSA–Civil Code.

It is admitted by all parties to the suit that no deposit was made by the defendant and that the contract to purchase was never enforced or sought to be enforced by Mr. Hogan.

It is well settled jurisprudence of this court that parol evidence is not admissible to contradict the recitals in a written deed affecting real estate in the absence of an allegation of fraud or error, except

by counter letter or by answers to interrogatories on facts and articles.

An examination of the record in this case reveals that defendant-appellee alleges in his answer to the suit that, previous to the contract herein, Tinney, the agent of plaintiff, assured defendant that he could obtain a loan for him in the amount of $100,000 and it is alleged that it was: "the expressed and distinct understanding that unless said loan was available and defendant was successful in raising and or obtaining the balance of $110,000.00 said agreement would be null, void and of no effect and that defendant would not be required or expected to make any deposit hereunder, all of which conditions, including the making of said deposit, were conditions precedent to the effectuation of said agreement or contract."

These allegations in defendant's answer we think are sufficient to allow the introduction of parol evidence. In this case the defendant is not attempting to prove by parol a sale of immovable property, nor to contradict a valid existing instrument, but to show that by accident, negligence, mistake, error or even fraud, the instrument in question does not manifest the intention and meaning of the contracting parties.

An analysis of the evidence adduced reflects that in April of 1953 Mr. Tinney conferred with the defendant with reference to defendant's possible acquisition of a piece of property on the Gentilly Highway.

Defendant made known to Tinney that he was interested in buying a piece of property in this vicinity and Tinney contacted Mr. Hamilton Crawford and a Mr. Toups, the then owners of the property which is the subject matter of this suit, and was told by them that the property was not for sale. Tinney so informed the defendant.

Thereafter, in November or December of 1953, Tinney called the defendant and told him that he represented an undisclosed principal, whom it later developed was Mr. Hogan who had agreed to buy three squares of ground then owned by Mr. Crawford and Mr. Toups and that it was possible that he could acquire for defendant a square to purchase for the sum of $210,000 cash. As to these facts there is no variance in the testimony, but from this point on there is hopeless conflict.

Defendant testified that he told Tinney he did not have the cash whereupon Tinney assured him that he could obtain a loan in the amount of $100,000 and upon this condition and understanding the defendant signed the offer to purchase. Tinney obtained the signature of Hogan on December 21, 1953, but did not obtain the loan.

Tinney testified that there was no understanding that the agreement to purchase would be valid and binding only if the loan was obtained, in fact Tinney denied that there was any talk of a loan between him and the defendant.

Since Tinney and the defendant were the only parties to testify as to this transaction and their testimony is in complete contradiction, it becomes necessary to examine the surrounding facts and circumstances.

It is undisputed by plaintiff that no deposit was made as called for in the written contract, and that Hogan never sought to enforce the contract.

It is significant that the testimony of both Tinney and defendant shows that after Hogan demanded all cash for the sale, defendant, through Tinney, submitted a counter proposal wherein he offered to exchange a motel he owned and valued at $275,000, if Hogan would pay the difference of $65,000. This proposition was refused by Hogan. Thereafter defendant listed his motel with Tinney for sale, and, although Tinney testified that on two occasions he asked defendant for his commission on the Hogan deal, which is denied emphatically by defendant, no written demand was made by plaintiff until May 27, 1955, some eighteen months after the date of the contract to purchase had been accepted and signed by Hogan. During all of this time Tinney was in contact with defendant and doing business with him in his capacity as real estate agent for plaintiff.

▬ The conclusion is inescapable from the testimony and the circumstances surrounding the transaction, that the contract for the purchase of the property was contingent upon the loan of $100,000 being ob-tained for the defendant by plaintiff's agent, Mr. Tinney. Hence, in default of obtaining the loan, the contract was not binding and plaintiff's demand for a commission must be rejected.

For the reasons assigned, the judgment of the lower court is affirmed at plaintiff-appellant's cost.

SIMON, J., recused.

McCALEB, Justice (concurring).

I have not the slightest doubt that, were this a suit on the contract of purchase and sale between Hogan and LaNasa, the letter would be liable and parol evidence would be inadmissible to show that LaNasa signed the offer of purchase only on condition that plaintiff's agent, Tinney, would secure a $100,000 loan for him. Samuelson v. Bosk, 219 La. 477, 53 So.2d 239. However, this is not a suit on the written contract of purchase and sale but on the agency agreement between LaNasa and Tinney, which was an oral agreement not expressed in the written contract. Therefore, the parol evidence rule has nothing to do with the case.

True enough, the written contract provides for the payment of the agent's commission but the agent is not a party to the contract and when he institutes suit for payment of such commission, it is proper to receive parol evidence for the purpose of establishing the terms and conditions of the agency agreement.

I respectfully concur in the decree.