FRUGÉ, Judge ad hoc.
This suit has for its object the reformation of a deed from John H. Switzer to the Dixie Pine Products Company, which deed was undated but filed for record in St. Tammany Parish on December 11, 1939 and recorded in Conveyance Book 146, Page 222, conveying certain land in St. Tammany Parish. Dixie Pine Products Company transferred the land in question to the authors in title of the plaintiffs-appellants herein and the widow and children of John H. Switzer, who died in 1952, are the defendant-appellees herein.
Appellants contend that through error or mis-description the land known as the East Half of the Northwest Quarter (Ej/^ of the NWj4) of Section 13, T-7-S, R-14-E, St. Tammany Parish, Louisiana, was omitted from the description of lands conveyed by the act of sale from John H. Switzer to-Dixie Pine Products Company, and instituted this suit to have the description in said act of sale reformed and added to, so as to include the East Half of the Northeast Quarter (Ei/£ of the NEj4) of Section 13, T-7-S, R-14-E.
Appellees contend that it was never the intention of the parties to the sale to convey the said land in question. The act of sale which is sought to be reformed describes the property by quarter sections and makes no mention of the acreage being conveyed.
The act of sale was signed by one Alex Davis on behalf of Dixie Pine Products Company. The evidence reveals that Alex Davis, who represented Dixie Pine Products Company, had cruised the land in question for Dixie Pine Products Company and testified that he did not discuss the intended sale with the vendor Switzer. He testified that he had been instructed to cruise the land to see if it was worth the price of $1,-000. His testimony reveals that he did not know how many acres were to be included in the proposed sale and that at the time of the execution of the sale, he checked the description of the land in the act of sale be *520 fore signing same on behalf of his employer, and did not see anything wrong with the description, nor did he notice any omissions therein.
One Mr. M. Miller, who was the appellants’ witness, testified that at the time in question he was the manager of Dixie Pine Products Company and discussed this sale with one Erne Stewart, who represented himself to be an agent of Switzer at the time, but at no time discussed the proposed sale with Switzer himself.
The testimony of Erne Stewart was taken by means of interrogatories and cross-interrogatories. His answers to the interrogatories reveal that he was under the impression that the land in dispute was to be sold also. However, he did not sign the sale on behalf of Switzer, nor did he examine the deed in question. Switzer personally signed the act of sale in question.
Appellants cite the case of Waller v. Colvin, 151 La. 765, 92 So. 328, in support of their contentions. However, in this case the description in the deed was ambiguous. In the case at hand, there is no mis-description or ambiguous description and appellants are seeking by parol evidence to include in the deed a description of property which was entirely omitted from the deed. LSA-Civil Code, Article 2276, provides:
“Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”
LSA-Civil Code, Article 2236, provides:
“The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.”
In the present case there is no ambiguity in the description. The description is clear and well defined. It is well settled that in absence of any allegation of fraud or error, conditions and stipulations beyond those expressed in an authentic act can be proven only by means of a counter letter or by the use of interrogatories on facts and articles. See Franton v. Rusca, 187 La. 578, 175 So. 66; Lawrence v. Claiborne, 215 La. 785, 41 So.2d 680; Smith v. Bell, 224 La. 1, 68 So.2d 737.
The trial court admitted parol evidence in the case, but found that plaintiff appellants had not established, with sufficient certainty, proof of error to warrant a reformation of the act of sale.
Considering the parol evidence which is in the record and which is mentioned above in this opinion, we agree with the trial judge that there is not sufficient proof of error.
Counsel for appellants further" contend that because the following words, namely, “Being the same property acquired by John H. Switzer from the H. Weston Lumber Company as per deed before C. W. Fountain, Notary Public for Hancock County, Mississippi, dated May 30, 1934, and recorded in COB 124, page 405, of the records of St. Tammany Parish, Louisiana”, appear after the description of the property in the deed, Dixie Pine Products Company acquired all of the property which Switzer acquired from H. Weston Lumber Company. It would be very presumptuous on our part to hold that these words meant all of the property acquired by Switzer from H. Weston Lumber Company inasmuch as the description of the 80 acres in question is specifically omitted from the deed. These recitals in deeds are usually used as a means of facilitating research on the land specifically described in the sale. We cannot adhere to appellants’ position that they add to or extend a specific description of land conveyed which is specifically described in the act of sale.
For the foregoing reasons, the judgment of the trial court is affirmed at appellants’ cost.
Affirmed.