125 So.2d 241 (1960)
E. L. RESWEBER
v.
Robert A. JACOB et al.
No. 4.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1960.
*242 Mestayer & Mestayer, by Ray F. Mestayer, New Iberia, for defendants-appellants.
Helm, Simon, Caffery & Duke, by Lawrence Simon, New Iberia, for plaintiff-appellee.
Before FRUGE, SAVOY and HOOD, JJ.
SAVOY, Judge.
This matter is before this court on appeal by the appellants herein from a judgment of the district court decreeing the appellee to be the owner of the property described in appellee's original petition.
The facts of this case are as follows:
E. L. Resweber filed a suit in the district court to reform and correct a tax deed executed by Wade O. Martin, Sr., Sheriff and Ex-Officio Tax Collector for the Parish of St. Martin, Louisiana, in favor of Lou Resweber, dated June 13, 1925, and recorded on July 21, 1925, in the Conveyance Records of St. Martin Parish, to show that said property involved in this suit was sold for the unpaid taxes of 1924, assessed in the name of Charles Dugas and Robert A. Jacob, and prayed that he be decreed to be the true owner of said land entitled to full and undisturbed possession thereof.
Resweber alleged further that the tax deed was prepared on a printed form of deed used for tax sales for the year 1923, that through error and inadvertence the sheriff failed to correct said printed form to show that said sale was made for the 1924 unpaid taxes, and therefore the said tax deed erroneously reflected that there was an adjudication of the land for the 1923 unpaid taxes; that said error was not discovered by Resweber until said land was recently abstracted.
Resweber filed a supplemental and amended petition alleging that he and his author in title, Lou Resweber, had been in open, notorious and peaceful possession as owners of said property since 1925, and alleged specifically the acquisitive prescription of ten years in bar to any claims of defendants to said property.
The defendants answered the suit denying generally the pertinent allegations of plaintiff's petition, and then assuming the position of plaintiffs-in-reconvention stated that plaintiff, defendant-in-reconvention, E. L. Resweber, was in illegal possession, in bad faith, and that his title to the disputed property was null and void for the following reasons:
*243 1. That the purported tax sale was made for the year 1923, whereas, the taxes for the year 1923 had been paid; and
2. That E. L. Resweber was a deputy sheriff for St. Martin Parish in 1925, that the property purchased in the name of Lou Resweber was purchased as an interposed party, said Lou Resweber being a sister of E. L. Resweber, and that the attempted sale to Resweber as a deputy sheriff was an absolute nullity. Plaintiffs-in-reconvention stated further that if the sale should be corrected by the court that they have an opportunity to redeem said property and that a tender of all taxes, interest and costs to date had been made to E. L. Resweber without avail.
Plaintiffs-in-reconvention also prayed for a judgment in excess of $10,000, being the amount defendant-in-reconvention received from the illegal use of said property.
The case was continued from time to time at the request of counsel for both sides. On the date that the case was to be tried, plaintiff, E. L. Resweber, defendant-in-reconvention, through counsel, made a motion to dismiss his suit as of non-suit. This the trial court allowed over strenuous objections made by counsel for defendants, plaintiffs-in-reconvention.
Plaintiffs-in-reconvention attempted to file a supplemental and amended petition alleging the following:
"Defendants, as plaintiffs in reconvention further show, in the alternative, that should the Court find that the said tax sale was actually made for due and unpaid taxes for a year other than the year 1923, and, for that reason, render judgment sustaining said sale, then, and in that event, the conveyance records of St. Martin Parish, and particularly the deed in question, must be ordered amended and reformed to reflect the correct information concerning the due and unpaid taxes for which the said property was actually sold, in which event, plaintiffs in reconvention urge the right and that right is hereby asserted to redeem said property within the time, and the manner prescribed by law."
The judge would not sign the order allowing the supplemental petition to be filed by plaintiffs-in-reconvention. Defendant-in-reconvention then filed numerous exceptions and pleas, including that of no cause or right of action, plea of three years prescription, peremption of five years, plea of laches and estoppel, and plea to the unconstitutionality of Act 94 of 1902.
Defendant-in-reconvention then filed an answer denying all of the allegations contained in the petition filed by plaintiffs-in-reconvention, and further answered the petition alleging that he was the owner of the property in dispute by virtue of the tax sale mentioned herein, and asked that the demands of the plaintiffs-in-reconvention be dismissed.
On these issues the case was tried.
This Court will first discuss the procedural questions arising because of plaintiff's dismissal of his original petition and the refusal by the trial judge to allow plaintiffs-in-reconvention to file a supplemental and amended petition. Under the provisions of Article 491 of the Code of Practice of Louisiana, plaintiff may in every stage of the suit previous to judgment being rendered discontinue the suit on paying the costs.
In the case of Rives et al. v. Starcke et al., 195 La. 378, 196 So. 657, 658, the Supreme Court said:
"It is well settled that, although the filing of a demand in reconvention by the defendant in a suit cannot prevent the plaintiff's discontinuing his suit at any time before a judgment is rendered, the discontinuance after the demand in reconvention has been filed does not prevent the defendant from proceeding with the prosecution of his *244 demand in reconvention to a final judgment. * * *"
This Court concludes that the order of the trial judge allowing plaintiff, E. L. Resweber, to dismiss his original suit was proper and correct.
The demand of plaintiffs-in-reconvention was not disturbed by the dismissal of the original suit. The supplemental and amended petition attempted to be filed by defendants, plaintiffs-in-reconvention, stated in substance that if the district court found that the tax sale was actually made for unpaid taxes for a year other than 1923 that they be permitted to redeem said property.
It was within the discretion of the trial judge to refuse to allow plaintiffs-in-reconvention to file their supplemental and amended petition.
Appellants have assigned this Court four errors wherein the trial judge was in error in deciding the case as he did in the lower court, to wit:
1. In allowing the introduction of parol evidence to vary the unambiguous statements of the tax deed in the absence of any allegation of fraud or mistake;
2. In decreeing that the property in this suit was sold for the 1924 unpaid taxes and not the 1923 unpaid taxes without correcting and reforming the tax deed;
3. In refusing to allow appellants to redeem the property; and
4. In refusing to allow evidence to prove that the original plaintiff as deputy sheriff purchased the property through his sister, an interposed party, in violation of a state law.
This Court will discuss these assignments of error in the order in which they appear hereinabove.
In Allowing the Introduction of Parol Evidence to Vary the Unambiguous Statements of the Deed in the Absence of Any Allegation of Fraud or Mistake.
Wade O. Martin, Sr., testified as a witness on behalf of E. L. Resweber. He stated that he took the oath of office as Sheriff of St. Martin Parish, Louisiana, on June 9, 1924, and that he did not conduct any tax sales for the year 1923. Mr. Martin testified that when he became sheriff, he found many tax sale forms which had been left by his predecessor in office, and that instead of securing new printed forms for tax sales that certain changes were made in the forms left by the previous sheriff, but that he or his deputy had neglected to erase the year 1923 in the tax sale in favor of Lou Resweber.
The evidence showed that taxes for the year 1923 were paid on the property herein, but that the taxes for the year 1924 were not paid on the property in litigation.
Counsel for plaintiffs-in-reconvention objected strenuously to the introduction of any parol evidence to vary or contradict the tax sale in the instant case, citing as his authority Article 2276 of the Civil Code of the State of Louisiana, LSA, and the cases of Pew v. Livaudais, 3 La. 459; Thomas v. Thomas, La.App., 63 So.2d 468; Smith v. Bell, 224 La. 1, 68 So.2d 737, and Ramos Lumber & Mfg. Co., v. Labarre, 116 La. 559, 40 So. 898.
Article 2276 of the Louisiana Civil Code, LSA, declares:
"Art. 2276. Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."
In the case of Smith v. Chappell, 177 La. 311, 148 So. 242, the Supreme Court said that it was well settled that the parol evidence rule set forth in Article 2276 of the Revised Civil Code applied only between the parties to the authentic act and their representatives, and not between a party to the act and third persons.
*245 In the case of Foreman v. Hinchcliffe, 106 La. 225, 30 So. 762, the Court found that where a tax sale declared that notice had been given to the delinquent taxpayer and the facts were that no notice had been given, that parol evidence was allowed to show that no notice had been given and the tax sale was set aside for that reason.
In the case of Pew v. Livaudais, supra, it was held that parol testimony of an oral alteration in the written conditions of the instructions to an auctioneer could not be received in evidence. It was further held that the validity of an auction sale of real estate was not recognized where the owner did not authorize said sale or admit his assent otherwise. There was a general statement made in the case that parol testimony of an oral alteration of the written instructions cannot be received in evidence.
The case of Thomas v. Thomas, supra, holds that recital of an authentic act cannot be varied or contradicted by parol testimony.
In the opinion of this Court, a sheriff's tax deed is not an authentic act. It is not prepared in the form of an authentic act. It has not been executed in this case by a notary in the presence of two witnesses. The act of sale adds nothing to the force and effect of the adjudication, but is only intended to afford the proof of it. See Article 695 of the Louisiana Code of Practice.
Article 2623 of the Louisiana LSA-Civil Code provides:
"Art. 2623. The adjudication made and recorded by the sheriff, auctioneer or representative of the succession, is a complete title to the purchaser, and needs not be followed by an act passed before a notary."
The case of Smith v. Bell, supra, holds that in the absence of any allegation of fraud or error, conditions, and stipulations in an authentic act cannot be varied or altered by parol evidence in the absence of a counter-letter or by the use of interrogatories on facts and articles.
The case of Ramos Lumber & Mfg. Company v. Labarre, supra, involved a petitory action. The defendant attempted to set up a tax sale with a plea of peremption under Article 233 of the Constitution of 1898 in support of his position. The Court stated that the plea of peremption of three years had no application in this case for the reason that defendant was not a plaintiff seeking to annul a tax sale, but a defendant resisting by exception or answer plaintiff's attack.
In Decreeing that the Property in This Suit Was Sold for the 1924 Unpaid Taxes and Not the 1923 Unpaid Taxes without Correcting and Reforming the Tax Deed.
In support of his second contention, counsel for plaintiffs-in-reconvention has cited the following cases: Causey v. Opelousas-St. Landry Securities Company, Inc., 187 La. 659, 175 So. 448; Waddill v. Walton, 42 La.Ann. 763, 7 So. 737; Hall v. Walker et al., 223 La. 919, 67 So.2d 177; Green v. Thrash, 174 La. 56, 139 So. 757.
In Waddill v. Walton, supra, the Court held that a tax deed which described the property sold as having been forfeited to the state at a particular date and for taxes of a particular year was null and void when it was proven that the property was never forfeited at the date or for the tax stated. The Court said that it was clearly proven and admitted that the property was not forfeited to the state in 1879 for taxes of 1878, thereby indicating that parole evidence was admissible for that purpose.
The case of Causey v. Opelousas-St. Landry Securities Company, Inc., supra, cited the Waddill case, supra, in nullifying a tax sale. The Court stated that a statute which directed and required a tax collector to sell property forfeited or sold to the state only, did not confer upon that officer power or authority to sell property of a delinquent taxpayer in satisfaction of taxes *246 due the state. The Court concluded that there was no statute authorizing the sale of the property for taxes.
Hall v. Walker, supra, is authority for the proposition that where a sheriff's deed did not show affirmatively that property described therein was ever actually forfeited to the state on any particular date for nonpayment of taxes due for any particular year, and plaintiff did not introduce any proof to establish these facts, the sheriff's deed was a nullity, citing the Waddill case, supra, and Causey case, supra.
In the case of Green v. Thrash, supra, the Supreme Court allowed property to be redeemed where the tax sale had been corrected to show that the sale had been made for delinquent taxes to the City of Shreveport instead of the Parish of Caddo. The Court said that the prescriptive period did not run until said act of correction. Under this view, the peremptory period had not run and the tax debtor was allowed to redeem the property.
An examination of the cases cited above on behalf of appellants does not show that the trial judge was in error in allowing parol testimony to be introduced for the purpose of showing that the property sold in this suit was for nonpayment of 1924 taxes instead of 1923 taxes, as shown on the tax deed.

In Refusing to Allow Appellants to Redeem the Property.
This Court is of the opinion that the the trial judge was not in error in refusing to allow plaintiffs-in-reconvention to file a supplemental and amended petition and in refusing to allow plaintiffs-in-reconvention to redeem the property for the period for redemption had expired. Under the provisions of Article 10, Section 11, of the Constitution of Louisiana, LSA, as it existed at the time of the tax sale, no sale of property for taxes could be set aside for any cause except on the proof of payment of taxes, unless such a suit was instituted within three years of the recordation of a tax deed. The prescriptive period had expired long before the filing of the suit in this case. This Court concludes as the trial judge did that the plea of peremption is valid and a good defense to the claim of plaintiffs-in-reconvention.
In Refusing to Allow Evidence to Prove that the Original Plaintiff as Deputy Sheriff Purchased the Property through His Sister, an Interposed Party, in Violation of a State Law.
Act 94 of 1902 prohibits purchases by sheriffs and makes such purchases null and void ab initio. In the case of King v. Moresi, 223 La. 54, 64 So.2d 841, the Court held that the plea of peremption based on Section 11, Article 10, of the Constitution of 1921 applied to all tax sales; that the constitutional provision announced the public policy of the state to set at rest tax titles once and for all, citing the case of Close v. Rowan, 171 La. 263, 130 So. 350, wherein the court sustained a plea of peremption to a tax sale to a deputy assessor made in prohibition of Act No. 94 of 1902. In King v. Moresi, supra, the property was purchased by the wife of a sheriff.
Having concluded that the plea of peremption under the provisions of Article 10, Section 11, of the Constitution of 1921 is a good defense to this suit, this Court will not discuss the other exceptions and pleas filed by plaintiff, defendant-in-reconvention.
For the written reasons assigned, the judgment of the district court is affirmed.
Affirmed.