MILLER, Judge pro tern.
J. Meadie Knight filed this suit seeking to recover $5,000 from C. J. Bickham, which plaintiff had paid to defendant as a cash down payment for the purchase of several parcels of land which were sold by defendant to plaintiff on July 29, 1959 for a total consideration of $33,480. The credit portion of the sale, $28,480, was due and payable on demand, and carried 5% per annum interest together with 15% attorney’s fees in the event suit would become necessary to collect the balance due. On January 22, 1960, the same notary public, before whom the sale and vendor’s lien was executed, passed a cash deed from plaintiff to defendant reconveying to defendant the property purchased by plaintiff in the July 20, 1959 vendor’s lien deed for the recited cash consideration of $28,480 — the amount of the credit portion of the July 20, 1959 deed.
On February 22, 1961, plaintiff-appellant filed this suit contending that he purchased 372 acres when in fact the property only contained 302 acres; that he would therefore have had the right to sue for a diminution of the purchase price, and he is now entitled to recover the $5,000 down payment which he made on July 20, 1959. In the alternative, plaintiff alleges that defendant has been enriched unjustly at the expense of the plaintiff.
Defendant filed an exception of no cause and no right of action and an exception of vagueness. When the exceptions were heard before the trial court, plaintiff was ordered to amend his petition in order to state a cause of action. The petition was amended and the allegations on which plaintiff must rely to state a cause of action were amended to state:
“That because of the shortage of acres and the fact that plaintiff and defendant could not agree as to a reduction of the purchase price, and to avoid court action, plaintiff agreed to transfer back to defendant this property, and it was plaintiff’s understanding that defendant as (was) to pay back to him the amount of $5,000.00, and that the property was to be put back into the possession of defendant as it originally was.
“That in the alternative if the Honorable Court should so find that plaintiff is not entitled to relief under the law then in that event plaintiff is entitled to relief under the principles of equity as defined in Articles 21 and 1965, C.C. because defendant was enriched at the expense of plaintiff.
“That defendant was enriched at the expense of plaintiff to the amount of $5,000.00, because defendant sold to plaintiff certain land properating (purporting) to contain 372 acres; that because of a shortage of acres and to avoid court action plaintiff sold this same land back to defendant; then defendant sold this same land to another party, therefore, defendant did not lose anything because defendant originally agreed to sell to plaintiff at $90.00 per acre and defendant did sell this same *264 land to another party at $90.00 per acre.”
The same exceptions were again filed. After hearing the exceptions argued for the second time, for oral reasons assigned, the trial court sustained the exception of no cause of action and dismissed the plaintiff’s demand as of non-suit at plaintiff’s costs. Plaintiff took this appeal.
Defendant has filed an exception of prescription before this court contending that LSA-C.C. Article 2498 which provides for a prescriptive period of one year applies in this case. We do not find it necessary to consider this exception.
Even assuming that plaintiff might have had a cause of action for a diminution of the purchase price, if, in fact, the property sold was some 70 acres short of what the parties thought was being conveyed, this cause of action no longer existed after the two parties terminated this dispute. Plaintiff has specifically alleged that the cash deed of January 22, 1960 was executed to avoid court action. This deed recited a consideration of $28,480 — not $33,-480. Plaintiff does not allege that the parties agreed that the consideration for the January 22, 1960 deed was to be $33,480. Plaintiff does not allege that any fraud was practiced to get him to sign the deed, nor does he allege that he signed the deed as a result of any error. Plaintiff only alleges and for the purpose of considering this exception, we consider this as proven, that it was plaintiff’s understanding that defendant was to pay back to him the amount of $5,000. Plaintiff does not allege that defendant represented to him nor that defendant understood that the $5,000 down payment would be refunded.
Assuming that all allegations of the petition are true, it is our view that the cash sale of January 22, 1960 which returned all of the property purchased by plaintiff to the defendant for the recited consideration which was the face amount of the note, less interest and attorney’s fees, terminated all disputes which may have arisen in connection with the alleged shortage of property.
Recorded deeds of conveyance in authentic form speak for themselves, and subsequent parole evidence cannot be offered to modify their terms unless fraud or error is alleged. LSA-C.C. Articles 2236, 2276; Tessier v. La Nasa, 234 La. 127, 99 So.2d 56; Harang v. Smith, 229 La. 865, 87 So.2d 10; Smith v. Bell, 224 La. 1, 68 So.2d 737.
For these reasons the judgment of the trial court is affirmed. Costs of this appeal are to be paid by plaintiff-appellant.
Affirmed.