HUGHES, J.,
dissenting.
hi am concerned that the majority misinterprets established real estate practice by giving dispositive effect to acquisition information provided only to assist the title examiner in ascertaining the nature and source of the property conveyed.
Virgil and Mary Mason acquired small interests in immovable property from the estate of Willis Mason; Virgil then acquired Mary’s interest. When Virgil sold “all” his interest in the property, the acquisition information following the property description indicated it was separate property derived from the Estate of Willis Mason.
Because community property cannot be sold or mortgaged without the signature of both spouses, it is always helpful to know *1002 whether the property conveyed is separate or community and indicating ancestors-in-title, or prior recording information, is likewise a boon to subsequent title examiners.
The majority reaches the conclusion that the acquisition language by implication excludes from the sale the interest derived from Mary Mason.
|2The acquisition information indicates the property was “inherited from Willis Mason’s Estate”; it does not specify that both Vernon and Mary inherited from that estate and that subsequently Vernon inherited Mary’s portion. However, the property is separate, and it was inherited from the Estate of Willis Mason.
Lack of precision in the acquisition information does not evidence a positive intent on the part of the vendor to reserve a portion of all the property conveyed. Such intent is usually and easily shown by simply stating “less and except the portion inherited from Mary” or “This sale does not include the portion of the above described property acquired from Mary.” No such language is found in this sale. With respect, the majority reaches greatly to reach its conclusion based on what was not said.
Acquisition information following the legal description in a deed is not part of the legal description proper, but rather is used as a means of facilitating research on the land specifically in the deed. Dixie Pine Products Co. v. Switzer, 111 So.2d 518 (La.App. 1 Cir.1959).
The court of appeal correctly determined that the words at issue were simply informative, and did not by implication contravene the stated intent of the vendor to sell all of his interest in the property. There is no language in the Cash Sale Deed that reserves or excludes from the sale the interest derived from Mary.
I therefore respectfully dissent.